UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-448-F

| | |
|---|---|
| DANIEL FARRINGTON as Administrator of the Estate of the Late ANNIE G. FARRINGTON, Plaintiff, v. KINDRED NURSING CENTERS EAST, L.L.C., d/b/a SUNNYBROOK HEALTH-CARE AND REHABILITATION SPECIALISTS; and KINDRED HEALTHCARE OPERATING, INC., d/b/a SUNNYBROOK HEALTHCARE AND REHABILITATION SPECIALISTS, Defendants. | ORDER |

This matter is before the court on motion [DE-5] by the defendants to compel arbitration and dismiss or, in the alternative, to stay, this action. After the court issued a show cause order [DE-8], the plaintiff filed a response [DE-9] in opposition to the defendants' motion. In support of his position, the plaintiff attached the affidavit of the individual who signed the Alternative Dispute Resolution ("ADR") Agreement in question.

That individual, the decedent's daughter, Diane Haywood, avers that her mother never requested or authorized her to sign the ADR document, and that her mother, Annie G. Farrington, on March 17, 2009, "comprehended fully where she was, why she was there and that she was being admitted to Sunnybrook Healthcare and Rehabilitation Specialists. There is no reason why my mother could not have signed any necessary documents for herself." Haywood Affidavit, Attachment to Response [DE-9]. Ms.

Haywood states that when she signed the ADR form, no one explained to her what she was signing, and she "never nully agreed to arbitration or any other type of alternative dispute resolution mechanism."

The court has considered the defendants' motion and memorandum, as well as the plaintiff's response and supporting affidavit. For the reasons set forth in the defendants' Memorandum [DE-6], and for purposes of the instant motion [DE-5], the court determines that the issues raised in the plaintiff's Complaint [DE-1] are subject to a contract containing an Alternative Dispute Resolution Agreement. *See* N.C. GEN. STAT. § 1-569.6(a), (b); Exh. 1 to Defendants' Motion [DE-5]. It therefore is ORDERED that the defendants' Motion to Compel [DE-5.2] is ALLOWED, and this matter is STAYED pending such arbitration, *see* N.C. GEN. STAT. § 1-569.7(g), during which the arbitrator or mediator conducting the proceedings initially will determine whether the Alternative Dispute Resolution Agreement at issue is enforceable as against the parties hereto. *See* N.C. GEN. STAT. § 1-569.6 (c), (d); § 1-569.7(a). The defendants' Motion to Dismiss [DE-5.1] is DENIED.

It further is ORDERED that counsel for the parties shall confer and file herein on a *quarterly basis* a written status report on the progress of the alternative dispute resolution proceedings. The first such report shall be filed on or before **June 1, 2012**. The Clerk of Court is DIRECTED to maintain this action on the court's inactive docket.

SO ORDERED. This, the 4th day of April, 2012.

_____
JAMES C. FOX
Senior United States District Judge

2

Case 5:11-cv-00448-F   Document 10   Filed 04/04/12   Page 2 of 2